UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODNEY VERNON CULP, et al., | |
| Plaintiffs, | CASE NO. C11-5865BHS |
| v. | |
| SOUTH SOUND BANK OF OLYMPIA WASHINGTON, et al., | ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER |
| Defendants. | |

This matter comes before the Court on Plaintiffs Rodney Vernon Culp, George Leon Vasquez, and JoAnn Vasquez's ("Plaintiffs") motion for a temporary restraining order (Dkt. 2). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On October 19, 2011, Plaintiffs filed a complaint against numerous defendants seeking to set aside a foreclosure. Dkt. 1. The complaint fails to identify the property to be foreclosed or the date of the trustee's sale. The complaint, however, does allege that defendants have participated in acts of war that violate "the Patriot Act, the RICO Act, the Hobbs Act, and other terrorist-prevention and confiscation acts." *Id*. at 5-6.

Plaintiffs also filed a motion for a temporary restraining order. Dkt. 2. Plaintiffs declare that they gave defendants notice via Certified U.S. Mail on October 19, 2011. *Id*. at 10. Most of the named defendants have appeared. *See* Dkts. 7-9.

The court may issue a preliminary relief where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public

ORDER - 1

interest favors an injunction. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1137–38 (9th Cir. 2011); *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance*, 632 F.3d at 1137–38.

In this case, Plaintiffs have failed to meet their burden for numerous reasons, two of which will be briefly addressed. First, the Court is without necessary information to provide adequate relief, such as the property in foreclosure and the trustee's sale that is to be restrained. Second, it is unlikely that Plaintiffs will succeed on their claims.

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for a temporary restraining order (Dkt. 2) is **DENIED**.

DATED this 27th day of October, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge