UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODNEY VERNON CULP, et al.,

    Plaintiffs,

v.

SOUTH SOUND BANK OF OLYMPIA WASHINGTON, et al.,

    Defendants.

CASE NO. C11-5865BHS

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This matter comes before the Court on Defendant Attorney General of Washington Rob McKenna's motion to dismiss (Dkt. 12), Defendant Thurston County Superior Court Judge Lisa L. Sutton's motion to dismiss (Dkt. 13), and Defendants Wyndie Dwyer, Chuck Hoeschen, Matthew Kernutt, Owens Davies Fristoe Taylor & Schultz PS, Richard G. Phillips, South Sound Bank of Olympia Washington, and Dan Yarrington's ("Private Defendants") motion to dismiss (Dkt. 14). The Court has reviewed the briefs filed in support of the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 19, 2011, Plaintiffs Rodney Vernon Culp, George Leon Vasquez, and JoAnn Vasquez ("Plaintiffs") filed a complaint against Attorney General McKenna, Judge Sutton, and the Private Defendants. Dkt. 1. Plaintiffs assert causes of actions for violations of Title 18 of the United States Code (U.S.C) – Crimes and Criminal

Procedure, the Patriot Act, Racketeer Influenced and Corrupt Organizations Act (RICO), the Hobbs Act (prohibiting crimes affecting interstate commerce), the Uniform Commercial Code (U.C.C.) Article 3 (negotiable instruments), Title 26 of the U.S.C. – Internal Revenue Code, and various provisions of the U.S. Constitution. *Id.*

On November 8, 2011, Attorney General McKenna filed a motion to dismiss. Dkt. 12. On November 9, 2011, Judge Sutton filed a motion to dismiss. Dkt. 13. On November 10, 2011, the Private Defendants filed a motion to dismiss. Dkt. 14. Plaintiffs failed to respond.

## II. DISCUSSION

As a threshold matter, the Court may consider failure to respond to a motion as an admission that the motion has merit. Local Rule 7(b)(2). Plaintiffs did not respond to the motions to dismiss. Therefore, the Court considers Plaintiffs' failure as an admission that motions have merit.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiffs' favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, all Defendants argue that Plaintiffs have failed to assert a claim upon which relief may be granted. The Court agrees. Although Plaintiffs cite numerous provisions of federal law, they fail to state a cognizable legal theory against any

defendant under any of these provisions.  For example, Plaintiffs cite the Patriot Act and allege that the numerous criminal acts committed by defendants have economically harmed this country.  Plaintiffs fail to allege any private right of action under the Patriot Act even if Plaintiffs other allegations could be taken as true for the purposes of the motions to dismiss.  Moreover, Plaintiffs have failed to respond to the motions and have failed to request leave to amend their complaint to address the deficiencies cited by Defendants.

Therefore, the Court grants the motions to dismiss because Plaintiffs have failed to assert any claim upon which relief may be granted.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Attorney General McKenna's motion to dismiss (Dkt. 12), Judge Sutton's motion to dismiss (Dkt. 13), and the Private Defendants' motion to dismiss (Dkt. 14) are **GRANTED**.  Plaintiffs' complaint is **DISMISSED** and the Clerk is directed to close this case.

DATED this 13th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge